684 N.W.2d 265 (2004)
470 Mich. 890
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Larry Terrill CAVER, Defendant-Appellant.
Docket No. 124652. COA No. 236118.
Supreme Court of Michigan.
July 2, 2004.
On order of the Court, the application for leave to appeal the judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
TAYLOR, J., would vacate the Court of Appeals judgment and remand the case for the examination required by MCL 768.20a.
MARILYN J. KELLY, J., dissents and states as follows:
I respectfully dissent from this Court's order denying defendant's application for leave to appeal.
Defendant was arrested for a bank robbery. While in jail awaiting trial, he was medicated with Thorazine. This drug is used to treat psychotic disorders.
Defense counsel timely notified the trial court that defendant intended to assert an insanity defense. By law, "Upon receipt of a notice of an intention to assert the defense of insanity, [the] court shall order the defendant to undergo an examination" to determine his sanity. MCL 768.20a(2).
However, the court disregarded the statute's explicit mandate. It requested some evidence of defendant's insanity before it would order the examination. Because the evidence that the examination is intended to produce could not be obtained, defendant was precluded from asserting his insanity defense at trial. He proceeded to trial with an alibi defense that proved unsuccessful. He was convicted of several offenses related to the robbery.
Denial of the right to determine his sanity deprived defendant of a basic due process protection. People v. Carpenter, 464 Mich. 223, 241-242, 627 N.W.2d 276 (2001) (Kelly, J., dissenting). This is a structural constitutional error intrinsically harmful regardless of the effect on the outcome. People v. Duncan, 462 Mich. 47, 51-52, 610 N.W.2d 551 (2000). If defendant had undergone the examination and been found legally insane[1] or guilty but mentally ill,[2] he would have received treatment and possibly civil commitment. As it is, although he may be legally insane, he will spend the rest of his life in prison without the right to treatment.
Defendant preserved his argument for appeal. He timely notified the trial court that he intended to assert an insanity defense. He raised this issue in the Court of Appeals, which did not grant relief because he failed to show that the examination results would have been beneficial to him.
The Court of Appeals applied the wrong standard of review. Analyzing the issue under a harmless error standard placed defendant in a conundrum from which he could not escape. Defendant cannot show that the examination would have been beneficial without taking it.
Moreover, the fact that defendant ultimately asserted an alibi defense at trial should not be fatal to his claim. "Inconsistent claims or defenses are not objectionable. A [defendant] may (a) allege two or *266 more statements of fact in the alternative when in doubt about which of the statements is true...." MCR 2.111(2). See also People v. Lemons, 454 Mich. 234, 562 N.W.2d 447 (1997), and People v. Heflin, 434 Mich. 482, 456 N.W.2d 10 (1990).
I would remand for the examination mandated by statute.
NOTES
[1] MCL 768.21a(1).
[2] MCL 768.36(1).